[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13555
Non-Argument Calendar

_____

D. C. Docket No. 04-00345-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILFORD WATSON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 8, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Guilford Watson, III appeals his 262-month sentence for interstate

enticement of a minor to engage in illegal sexual activity and distribution of child pornography, in violation of 18 U.S.C. §§ 2422(b) and 2252A(a)(2)(A). On appeal, Watson argues that the five-level enhancement for 600 or more images of material involving the sexual exploitation of children was improperly applied because the government failed to prove that 600 or more of the images were of actual children. He asserts that he does not know whether the images are real or computer-generated. Watson contends that mere submission of the images to and review of the images by the district court does not satisfy the government's burden of proving that the images depicted actual children.

"Post-Booker,[1] we continue to review the district court's application of the Guidelines just as we did pre-Booker: The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005) (quotation marks omitted). "When a defendant objects to a factual finding that is used in calculating his guideline sentence, such as drug amount, the government bears the burden of establishing the disputed fact by a preponderance of the evidence." United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir.), cert. denied, (U.S. June 20, 2005) (No. 04-1148).

---

[1]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The sentencing guidelines prescribe a five-level enhancement for trafficking or possessing with intent to traffic 600 or more images involving the sexual exploitation of a minor. U.S.S.G. § 2G2.2(b)(6)(D) (2003). The Supreme Court has established that in order to prosecute someone criminally for the possession of child pornography, the government must prove that the images at issue are actual children. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 255-56, 122 S.Ct. 1389, 1404-05, 152 L.Ed.2d 403 (2002). Courts addressing the issue have held that Ashcroft does not require the government to prove by expert testimony that the prohibited images are of real, not virtual, children. See United States v. Irving, 432 F.3d 401, 411-13 (2d Cir. 2005) (citing cases). In the context of reviewing a challenge to jury instructions, we have stated post-Ashcroft that visual inspection of images of child pornography was sufficient to determine whether the children depicted were real. See United States v. Hall, 312 F.3d 1250, 1260 (11th Cir. 2002) (holding that no reasonable jury could have found that the images were virtual children created by computer technology as opposed to actual children); United States v. Richardson, 304 F.3d 1061, 1064 (11th Cir. 2002) (same).

The district court did not clearly err by determining that the images used to enhance Watson's sentence depicted real children. As an initial matter, the government's submission of the images to the district court for visual inspection

alone was sufficient to meet its burden of establishing by a preponderance of the evidence that the images depicted real children. The district court visually inspected the images as well as heard testimony that the 595 still images had been compared one-by-one to a database of known real children and found to depict real children. Testimony also indicated that the videos appeared to depict real children, and visual inspection of the videos reveals that they depict real children. Additionally, Watson does not demonstrate in his brief how the district court clearly erred in its determination. Therefore, the district court did not clearly err by determining that at least 600 of the images depicted real children.

To the extent Watson asserts that some of the images used to enhance his sentence were "legal erotica" rather than "child pornography," we do not address his argument. Watson failed to properly raise the argument in his initial brief and, thus, has waived it. See United States v. Silvestri, 409 F.3d 1311, 1338 n.18 (11th Cir.) ("an issue not raised in a party's initial appellate brief is considered waived, and the party is prohibited from raising the issue later in the appeal."), cert. denied, (U.S. Nov. 28, 2005) (No. 05-7149).

**AFFIRMED.**[2]

---

[2] Watson's motion to extension to file reply brief is granted; his request for oral argument is denied.